UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

Xue L.,

Petitioner,

v.

Markwayne Mullin, Secretary, U.S. Department of Homeland Security; Todd M. Lyons, Acting Director of Immigration and Customs Enforcement; David Easterwood, Acting Director, St. Paul Field Office Immigration and Customs Enforcement; and Ryan Shea, Sheriff of Freeborn County,

Respondents.

Civ. No. 26-2979 (PAM/EMB)

**MEMORANDUM AND ORDER**

---

This matter is before the Court on Petitioner Xue L.'s second Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241. Petitioner again challenges his immigration detention pending removal. For the following reasons, the Court denies the successive Petition.

Petitioner fails to mention that this is not his first attempt to seek release from immigration detention. On January 12, 2026, the Court denied Petitioner's first habeas petition and set forth the factual background as follows:

> Although Petitioner claims to be stateless, he is a citizen of Laos. (Decl. of Christopher Campbell (Docket No. 7) ¶ 5.) In 1980, the Immigration and Nationality Service admitted him to the United States as a refugee. (Id. ¶ 6.) In 1998, Petitioner was convicted of second-degree sexual assault of a child. (Id. ¶ 7.) On May 17, 2005, Immigration and Customs Enforcement ("ICE") Enforcement and Removal Operations ("ERO") arrested Petitioner and

> served him with a Notice to Appear in Removal Proceedings, charging him as removable under the Immigration and Nationality Act for his conviction of an aggravated felony. (Id. ¶ 8.) On September 6, 2005, an Immigration Judge ordered him removed from the United States but granted him a Deferral of Removal to Laos under the Convention Against Torture. (Id. ¶ 9.) ICE detained Petitioner while pursuing his removal to a country other than Laos, but could not secure a travel document to do so. (Id. ¶ 10.) Thus, ERO released Petitioner under an Order of Supervision on February 13, 2006. (Id.) He has since reported as his Order of Supervision directs. (Id. ¶ 11.)
>
> On December 16, 2025, ERO arrested Petitioner and revoked his Order of Supervision, citing a change in circumstances and indicating that his removal is "significantly likely in the reasonably foreseeable future." (Id. ¶ 12; id. Ex. A at 1.) Petitioner was afforded an informal interview to allow him "an opportunity to respond to the reasons for revocation and to provide any evidence to demonstrate that [his] removal is unlikely," as required under 8 C.F.R. §§ 241.4(1), 241.13(j). (Id. ¶ 12; id. Ex. A at 3.) At the interview, Petitioner did not provide a statement or any documents showing that his removal was unlikely; instead, he provided a written statement addressing other issues. (Id. Ex. A at 3, 5–6.) Petitioner remains detained since his arrest. (Pet. ¶ 3.)

Xue L. v. Noem, Civ. No. 25-4774 (PAM/LIB), at *2-3 (D. Minn. Jan. 12, 2026) ("Xue L. I").

On February 2, 2026, a few weeks after that Order issued, ICE obtained travel documents to remove Petitioner to Laos. (Decl. of William J. Robinson (Docket No. 6) ¶ 12.) The immigration court set a merits hearing for August 4, 2026, to determine whether Petitioner's Convention Against Torture ("CAT") status will be revoked. (Id. ¶ 20.) The instant habeas petition followed.

**DISCUSSION**

In this second Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241, Petitioner seeks the same relief originally sought—his immediate release. He claims that his

detention violates 8 C.F.R. § 241.13, 8 U.S.C. § 1231, the Due Process Clause, and the Administrative Procedures Act ("APA"). The legal framework for these claims was set forth in the previous Order. See Xue L. I at *3-5.

Petitioner renews his Zadvydas challenge, alleging this his continued detention violates 8 U.S.C. § 1231, the Due Process Clause, and the APA. The Court addressed this claim previously and found it to be without merit. See Xue L. I, at *3-4. Here again, Petitioner fails to meet his initial burden to demonstrate that his removal is unlikely in the foreseeable future.

As the Supreme Court of the United States has determined and this Court has explained to Petitioner, "[t]his 6-month presumption, of course, does not mean that every alien not removed must be released after six months. To the contrary, an alien may be held in confinement until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future." Xue L. I, at *3 (quoting Zadvydas v. Davis, 533 U.S. 678, 701 (2001)). Even if Petitioner could show that there is no such likelihood of removal in the reasonably foreseeable future, the Government easily rebuts as much: ICE has secured travel documents for him and the immigration court scheduled a merits hearing on whether to revoke his status under CAT. Therefore, Petitioner's Fifth Amendment, APA, and due process claims fail.

As to Petitioner's claim under 8 C.F.R. § 241.13, the Court already determined it is meritless. Xue L. I, at *4-5. Nothing in Petitioner's successive petition alters the Court's conclusions on that issue.

Petitioner's detention is lawful. He fails to demonstrate any violation of law.

## CONCLUSION

Accordingly, **IT IS HEREBY ORDERED that:**

1. The Petition (Docket No. 1) is **DENIED**; and

2. This action is **DISMISSED**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: July 16, 2026

*s/ Paul A. Magnuson*
Paul A. Magnuson
United States District Court Judge